(Licking County, O., Common Pleas.)
January, 1898.

ARLINGTON P. MEAD v. RHODA S. HOSKINS et al.

---

Loss of consortium—In actions for damages by a husband for loss of "consortium", against third parties for inducing the wife to leave her husband it is necessary that the petition should aver some facts that will make the action malicious, so that defendant may be advised of the wrong-doing that he is charged with.

---

JONES, J.

The case of Arlington P. Mead v. Rhoda A. Hoskins and Ella Whitehead is submitted on a general demurrer to the petition.

The petition reads as follows: "On July 16, 1890, the plaintiff was married to Nellie Mead, his wife, and continuously lived with his said wife until February 5, 1894.

"Until on or about said last mentioned date, plaintiff and his said wife lived happily together, his said wife bestowing upon plaintiff all the love and affection that could be desired in such relationship.

"From the time of said marriage until the said fifth day of February, plaintiff's said wife did not make, nor has she made, the slightest complaint against plaintiff, nor has she in fact any cause for complaint.

"The plaintiff is able, by reason of his means and labor, to properly care for his said wife.

"The defendant, Rhoda S. Hoskins, is the mother of plaintiff's said wife, and the said Ella Whitehead is related to her by marriage.

"The said defendants, sometime prior to the said fifth day of February, 1894, conspiring together and maliciously contriving and intending to injure plaintiff, and to destroy his peace and happiness and to deprive him of the comfort, society and services of his said wife, did, solely because of their malice and illwill toward plaintiff, induce and persuade his said wife to leave and separate from him, and to go to her mother's home, where she has since resided, under the control and improper influence of said defendants.

"On the said fifth day of February, wholly by the acts aforesaid of said defendants, and by their influence and persuasion, and not voluntarily or from her own choice and desire, his said wife Nellie did leave and separate from him, and she has not since lived with plaintiff as his wife.

"The plaintiff has endeavored to persuade his wife to again come and live with him as his wife, but has been unable so to do, wholly on account of the power and influence of said defendants over her as aforesaid, maliciously and wilfully exerted."

And asks damages in the sum of ten thousand dollars.

This petition is based, I suppose, on Holtz v. Dick, 42 Ohio St., 23, which was a case for damages for obtaining the wife to leave the husband—for the consortium, as they call it. The court say:

"We think it is clear from the record, which contains all the evidence, that while there was evidence tending to show that Irena was only fifteen years of age on May 1, 1877, she was, in fact, sixteen years of age at that time (that is upon the subject of whether he was of the age of contracting marriage at the time of the marriage). That from the time of the marriage (April 5, 1877), until the time of the separation (September 1, 1877), she cohabited with Dick as his wife on terms of affection; that Irena, neither during the time of such cohabitation, nor since, has made the slightest complaint of Dick in any respect, nor had she any cause of complaint; that Dick was an industrious young man, belonging to a respectable family; that Mr. and Mrs. Holtz resided on a farm which they owned, and Irena was their only child; that the separation was not the voluntary act of Irena, nor was there any evidence fairly tending to

show that it was voluntary, but it was caused and maintained by Mrs. Holtz alone, not with a view to the protection or happiness of Irena, but solely to gratify her (Mrs. Holtz's) hatred of and ill-will toward Dick.''

This decision does not give the petition, but the court give that as the facts proved by the testimony. But in all the cases of this kind of an action, while the facts may turn out to be substantially what the court here says, it is necessary and seems to be the requirement that there should be some act or some thing pleaded on the part of the plaintiff that makes the malicious action. In this petition there is nothing of that kind. It says simply: "conspiring together and maliciously contriving and intending to injure plaintiff and to destroy his peace and happiness and to deprive him of the comfort, society and services of his said wife, did solely because of their malice and ill-will toward plaintiff, induce and persuade his wife to leave and separate from him." Those acts may have been lawful enough. They may have been advised or something of that kind. Now, in this case it turns out from what the court states afterwards that when the mother of Irena Dick went to visit her she persuaded her to stay away from Dick, and threatened to disinherit her if she did not, which I suppose is the gravamen of the charge. But this petition only states in those respects either conclusions of fact or law, and does not set forth any wrongful act on the part of these defendants, and, I think, for that reason the demurrer ought to be sustained. The acts, or facts, ought to be alleged so that the defendants may know what is intended to be charged as the action that constitutes the wrong.

B. G. Smythe, for Plaintiff.
J. B. Jones, for Defendants.